**GEOFFREY V. WHITE (SBN. 068012)**
**LAW OFFICE OF GEOFFREY V. WHITE**
21-C Orinda Way #324
Orinda, CA. 94563
Telephone: (415) 373-8279
Facsimile: (415) 484-7692
Email: gvwhite@sprynet.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN TOWLES, on behalf of herself, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEMS, a Colorado Non-profit corporation; and the Members of the BENEFIT ADMINISTRATION COMMITTEE of the SCL Health Systems Retirement Plan,<br><br>Defendants. | Case No. 2:17-cv-03952<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff KAREN TOWLES, individually and on behalf of all those similarly situated, as well as on behalf of the SISTERS OF CHARITY HEALTH SYSTEMS RETIREMENT PLAN, as defined herein, by and through her attorneys, hereby alleges as follows:

**I.     INTRODUCTION**

1. This case is about whether Defendant Sisters of Charity of Leavenworth Health Systems ("SCL") properly maintains its pension plans under the Employee Retirement Income Security Act of 1974 ("ERISA"). As demonstrated herein, SCL failed to do so, erroneously contending that it is exempt from those requirements as a "Church Plan." SCL's claim of "Church Plan"

1

CLASS ACTION COMPLAINT   CASE NO.

status for its pension plans fails under both ERISA and the First Amendment, to the detriment of its thousands of employees.

## II.   JURISDICTION AND VENUE

2. .This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1132(e)(1), which provides for Federal jurisdiction of actions brought under Title I of ERISA.

3. This Court has jurisdiction over Defendant SCL because SCL transacts business in, and has significant contacts with this District, and because ERISA provides for nationwide service of process under 29 U.S.C. § 1132 (e)(2).

4. Venue is proper in this District pursuant to 29 U.S.C. § 1132 (e)(2), because the Plans are administered in this District, some or all of the violations of ERISA took place in this District, and/or because SCL may be found in this District.

## III.   PARTIES

5. Plaintiff KAREN TOWLES was employed by SCL as a Registered Nurse in its St. John's Hospital in Santa Monica, California from 1979 until she was terminated in 2014. Plaintiff Towles is a participant in a pension plan maintained by SCL because she is or will become eligible for pension benefits under the Plan, and alternatively has a colorable claim to benefits under a pension plan maintained by SCL and is a participant within the meaning of ERISA Section 3(7), and is therefore entitled to maintain an action with respect to the SCL pension plans pursuant to ERISA Sections 502(a)(1)(A) and (B), (a)(2), (a)(3) and (c)(1) and (3).

6. Defendant SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEMS is a Colorado non-profit corporation headquartered in Bloomfield, Colorado and duly admitted and doing business in California.  At all pertinent times, SCL operated the St. Johns Hospital in Santa Monica, California and 8 other hospitals in the United States. SCL is the Employer responsible for maintaining the Retirement Plans and is therefore the Plan Sponsor within the meaning of ERISA Section 3(16).

7. Defendants Members of the Benefit Administration Committee are, on information and belief, persons specifically designated by SCL to serve as the Administrator for some of all of

the SCL Pension Plans and therefore are the Administrators of some of all of the Pension Plans within the meaning of ERISA Section 3(16).

## IV. CLASS ALLEGATIONS

8. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class of persons similarly situated: All participants or beneficiaries of any SCL Pension Plans operated as or claimed by SCL to be Church Plans as of the date of the filing of this Complaint. Excluded from the Class are any high-level executives at SCL or any employees who have responsibility or involvement in the administration of the Plan, or who are subsequently determined to be fiduciaries of one or more of the SCL Plans, including the Individual Defendants.

9. **Numerosity**. The exact number of Class members is unknown to Plaintiff at this time, but may be readily determined from records maintained by SCL. According to the latest filing by SCL with the Internal Revenue Service, the Plan had over 6,000 total participants. Upon information and belief, many if not all of those persons are likely members of the Class, and thus the Class is so numerous that joinder of all members is impracticable.

10. **Commonality**. The issues regarding liability in this case present common questions of law and fact, with answers that are common to all members of the Class, including (1) whether the Plans are exempt from ERISA as Church Plans, and, if not, (2) whether the fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA.

11. The issues regarding the relief are also common to the members of the Class, as the relief will consist of (1) a declaration that the Plans are ERISA-covered plans; (2) an order requiring that the Plans comply with the administration and funding requirements of ERISA; and (3) an order requiring SCL to pay civil penalties to the Class, in the same statutory daily amount for each member of the Class.

12. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class because her claims arise from the same event, practice and/or course of conduct, namely Defendants' failure to maintain the Plans in accordance with ERISA. Plaintiff's claims are also typical because all Class members are similarly affected by Defendants' wrongful conduct.

13. **Adequacy**.  Plaintiff will fairly and adequately represent and protect the interests of all members of the Class.  Plaintiff does not have any interests antagonistic to or in conflict with the interests of the Class.  Defendants have no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.  Plaintiff has engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

### V.    CAUSES OF ACTION

#### COUNT I

#### [Claim for Equitable Relief Against Defendant SCL]

14. Plaintiff repeats and re-alleges the allegations contained in all foregoing paragraphs herein.

15. ERISA Section 502(a)(3) authorizes a participant or beneficiary to bring a civil action to obtain "appropriate equitable relief…to enforce any provisions of this title."  Pursuant to this provision, and Federal Rule of Civil Procedure 57, Plaintiff seeks declaratory relief that the SCL Health Systems Pension Plans are not Church Plans within the meaning of ERISA Section 3(33), and thus are subject to the provisions of Title I and Title IV of ERISA.

16. ERISA Section 502(a)(3) also authorizes a participant or beneficiary to bring a civil action to "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief…" Pursuant to these provisions, Plaintiff seeks orders directing the Plan sponsor and administrator, SCL, to bring the Plans into compliance with ERISA, including the reporting, vesting, and funding requirements of ERISA.

#### COUNT II

#### [Claim for Violation of Reporting and Disclosure Provisions]

17. Plaintiff repeats and re-alleges the allegations contained in all foregoing paragraphs herein.

18. At no time have SCL and/or the members of the Benefits Administration Committee provided Plaintiff or any member of the Class with a Summary Plan Description with respect to the Plans that meets the requirements of ERISA Section 102.

19. At no time has an annual report with respect to the SCL Plans been filed with the Secretary of Labor in compliance with ERISA Section 103, or a Form 5500 and associated schedules and attachments which the Secretary has approved as an alternative method of compliance with ERISA Section 103.

20. At no time have SCL and/or members of the Benefits Administration Committee furnished Plaintiff or any member of the Class with a Summary Annual Report with respect to the Plans in compliance with ERISA Section 104(b)(3) and regulations promulgated thereunder.

21. At no time has SCL furnished Plaintiff or any member of the Class with a Notice with respect to the Plans pursuant to ERISA Section 101(d)(1) informing them that SCL had failed to make payments required to comply with ERISA Section 302.

22. At no time have SCL and/or the members of the Benefits Administration Committee furnished Plaintiff or any member of the Class with a Funding Notice with respect to the Plans pursuant to ERISA Section 101(f).

23. At no time have SCL and/or the members of the Benefits Administration Committee furnished Plaintiff or any member of the Class with a Pension Benefit Statement with respect to the Plans pursuant to ERISA Section 105(a)(1).

## COUNT III

**[Claim For Failure to Pay Pension Benefits As Required by ERISA]**

24. On information and belief, Plaintiff alleges that the SCL Plans have been underfunded since approximately 1995.

25. Because of this alleged underfunding, and because Defendants contended they were exempt from ERISA's requirements for funding and payment of benefits, Defendants wrongfully refused to pay Plaintiff her accrued benefits in the form of a lifetime joint and survivor annuity and instead compelled her to take a lump sum payout of her accrued benefit.  Further, Defendants wrongfully calculated her lump sum amount using an interest factor of 8%, in addition to other improper factors, causing her lump sum value to be substantially reduced from what it should have been.  Plaintiff duly appealed this wrongful calculation and payment, which

1  Defendants denied by letter of May 31, 2016.  Accordingly, Plaintiff has exhausted her
2  administrative remedies and is entitled to bring this action.
3      26. On information and belief, Plaintiff alleges that Defendants also inadequately funded and
4  improperly calculated pension lump sum payments to other participants who were similarly
5  situated at St. John's Hospital and at other of SCL's hospitals around the country.

## VI.  PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff prays that Judgment be entered against the Defendants, and each of them on all claims as follows:

A. Declaring that the SCL Plans are employee benefit plans within the meaning of ERISA Section 3(2), are defined benefit pension plans within the meaning of ERISA Section 3(35), and are not Church Plans within the definition of ERISA Section 3(33), and ordering SCL to reform the Plans to bring them into compliance with ERISA;

B. Requiring SCL, as a fiduciary of the Plans, to make the Plans whole for any losses and to disgorge any profits accumulated as a result of fiduciary breaches;

C. Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA with respect to the Plans;

D. Ordering declaratory and injunctive relief as necessary and appropriate to enjoin Defendants to fund, calculate and pay pension benefits to Plan participants, including Plaintiff, using the assumptions, benefit forms and methods prescribed by ERISA, with pre-judgment interest thereon;

E. Awarding to Plaintiff attorneys fees and expenses; and

F. For such other relief as the Court deems just and proper.

//
//
//
//

| | | |
|---|---|---|
| 1 | DATED: May 26, 2017 | **LAW OFFICE OF GEOFFREY V. WHITE** |
| 2 | | |
| 3 | | By: /s/ _____ |
| 4 | | Geoffrey V. White<br>Attorneys for Plaintiff |

CLASS ACTION COMPLAINT    CASE NO.